IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

JERRY K. DAVIS
and SUSAN L. DAVIS                                                                                    PLAINTIFFS

VS.                              Civil No. 2:24-CV-02067-SOH-MEF

ENNEN EYE CENTER;
PARKER PRATT, O.D.;
and RANDY ENNEN, M.D.                                                                             DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Susan L. Davis ("Mrs. Davis"), proceeding *pro se*, commenced this action on May 24, 2024, by filing a Complaint on behalf of herself and her spouse, Jerry K. Davis ("Mr. Davis"), against Defendants Ennen Eye Center ("the Eye Center"), Parker Pratt, O.D. ("Dr. Pratt"), and Randy Ennen, M.D. ("Dr. Ennen").  (ECF No. 2, pp. 1, 5).  Currently before the Court are three motions.  Dr. Ennen has filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.  (ECF Nos. 7-8).  Separate Defendants, the Eye Center and Dr. Pratt, have also filed a Motion to Dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction.  (ECF Nos. 10-11).  Plaintiffs have not responded to these motions, and the time for doing so has expired.  Mrs. Davis has filed a pleading entitled Motion for Extension of Time, acknowledging that she "inadvertently filed the case in federal court," and requesting "an extension of 6 months to refile [it] in the appropriate civil court[.]"  (ECF No. 13).  Dr. Ennen has filed a response to this motion.  (ECF No. 14).

The Honorable Susan O. Hickey, Chief United States District Judge, has referred the case to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.  (ECF No. 12).  The foregoing motions are ripe for consideration, and for the reasons and upon the authorities discussed

herein, it is RECOMMENDED that Defendants' dispositive motions be GRANTED and Plaintiffs' motion for extension be DENIED.

## I. BACKGROUND

Plaintiffs allege a state-law cause of action for medical malpractice. The central controversy concerns the eyecare Mr. Davis received from Dr. Ennan and Dr. Pratt at the Eye Center in Fort Smith, where Mr. Davis had been a patient for 10 years at the time of his alleged injury in May 2022. (ECF No. 2, pp. 5-6). The nature of Mr. Davis's medical treatment at the Eye Center prior to May 2022 is not entirely clear, but one can infer from the Complaint that he had been seen by Dr. Ennan at regular six-month intervals and that he used glaucoma drops in his eyes. (*Id.* at 5). On a Friday in May 2022, in Dr. Ennan's absence, Mr. Davis was seen by Dr. Pratt for complaints of blurred vision.[1] (*Id.*). Upon examination, Dr. Pratt concluded that the overuse of glaucoma drops had affected the lenses in Mr. Davis's eyes, causing his blurred vision. Dr. Pratt recommended that Mr. Davis use "Refresh" eyedrops and advised him to make his regular "six-month appointment." (*Id.*). Mr. Davis returned to the Eye Center to see Dr. Ennan days later, on May 24, and allegedly by that time Mr. Davis had permanently lost all vision in his left eye. He later discovered that he was suffering from an inflammatory medical condition that, according to Plaintiffs, can damage the optic nerve and lead to blindness if not treated promptly. (*Id.*).

Plaintiffs allege that Dr. Pratt failed to take note of Dr. Ennan's observation, four weeks earlier, that Mr. Davis had experienced a "slight loss of peripheral vision in his left eye." (ECF No. 2, p. 5). Plaintiffs also contend that Dr. Pratt did not compare the results of the preliminary tests and examinations that were performed on the day he saw Mr. Davis with the results from Mr.

---

[1] The precise date of this encounter is neither alleged nor material to the outcome here, but the allegations imply that Mr. Davis saw Dr. Pratt on the Friday before Tuesday, May 24, 2022, which was May 18. (ECF No. 2, at 5).

Davis's earlier encounter with Dr. Ennan. (*Id.*) Finally, implying that these alleged acts or omissions contributed to or caused Mr. Davis's loss of vision, Plaintiffs allege that they are entitled to compensatory damages in the amount of $800,000, largely due to the loss of Mr. Davis's services, including maintenance and upkeep of the family farm and home, and due to the increased burden placed on Mrs. Davis concerning the same. (*Id*. at 6).

As noted, Defendants have filed separate dispositive motions under Rule 12(b)(1), and their arguments in support of dismissal are substantively the same. Each Defendant argues, pursuant to Rule 12(b)(1), that the Court lacks subject-matter jurisdiction because Plaintiffs' cause of action presents no federal question and entails no diversity of citizenship between Plaintiffs and Defendants. (ECF No. 7, pp. 1-2; ECF No. 8, pp. 1-2; ECF No. 10, pp. 1-2; ECF No. 11, pp. 1-2, 4-5). The Court's analysis is the same for both motions.[2]

## II.     LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). It is presumed that a cause of action lies outside of this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id*. Here, Defendants present

---

[2] Although Defendant Ennan includes a single citation to Rule 12(b)(6) in his motion, his substantive argument concerns only the Court's lack of subject-matter jurisdiction, which the Court considers under Rule 12(b)(1). (ECF No. 7, at 1-2; ECF No. 8, at 1-2). *See* 5B Wright & Miller Fed. Prac. & Proc. Civil 3d § 1350, at 138-39 (district court should consider Rule 12(b)(1) challenges first because lack of subject matter jurisdiction renders any accompanying defenses moot). *See also Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006) ("In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments."); *Stanturf v. Sipes*, 335 F.32d 224, 228 (1964) (where it is evident from the face of the complaint that the claim of federal jurisdiction is wholly insubstantial and frivolous and could have been made only for jurisdictional purposes, the proper course is to dismiss for lack of jurisdiction without considering whether the complaint states a claim upon which relief can be granted).

a "facial attack" on Plaintiffs' Complaint, asserting that its allegations do not demonstrate a basis for exercising federal jurisdiction over the case. *See Carlsen v. GameStop, Inc.*, 833 F.3d 903, 908 (8th Cir. 2016) (noting the distinction between a "facial" attack and a "factual" one). Therefore, in determining its jurisdiction, the Court must afford Plaintiffs' complaint the same type of protection that is applied in a Rule 12(b)(6) challenge, accepting as true all facts alleged in the complaint and considering only materials necessarily embraced by the pleadings.[3] *Id.*

Although a pleading which sets forth a claim for relief "shall contain … a short and plain statement of the grounds upon which the Court's jurisdiction depends[,]" Fed. R. Civ. P. 8(a)(1), courts will look to the entirety of a pleading to determine whether jurisdictional requirements are satisfied. *See, e.g., Gardner v. First Am. Title Ins. Co.*, 294 F.3d 991, 993-94 (8th Cir. 2002). All pleadings "must be construed so as to do justice." Fed. R. Civ. P. 8(e). In addition, the pleading of a party who is proceeding *pro se* must be liberally construed. *See Whitson v. Stone County Jail*, 602 F.3d 920, 922 (8th Cir. 2010). *Pro se* litigants, however, must comply with relevant rules of procedure. *Faretta v. California*, 422 U.S. 806, 834-35 n. 46 (1975), *cited in Burgs v. Sissel*, 745 F.2d 526, 528 (1984). Consequently, although it will be liberally construed, a *pro se* complaint "must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

#### A. Motions to Dismiss

The scope of federal district courts' original jurisdiction is defined by 28 U.S.C. §§ 1331, and 1332. Plaintiffs' Complaint avers that this Court has authority to adjudicate the merits of their

---

[3] In contrast with a "facial" attack, a court faced with a "factual" attack on subject matter jurisdiction considers matters outside the pleadings, and the non-moving party does not receive the benefit of Rule 12(b)(6) safeguards. *Carlsen*, 833 F.3d at 908.

cause under 28 U.S.C. § 1331. (ECF No. 2, p. 3). This provision confers jurisdiction over federal questions by providing that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Jurisdiction exists under this statute if a plaintiff's well-pleaded complaint establishes either (1) that federal law creates the cause of action asserted, or (2) that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minnesota LLC*, 843 F.3d 325, 329 (8th Cir. 2016) ("*Great Lakes*") (citation and quotation marks omitted).

Plaintiffs identify 51 U.S.C. § 20137 as the source of law that supplies them with a federal cause of action. (ECF No. 2, p. 3). This statute, however, creates no express cause of action, much less one under which Plaintiffs may sue doctors and the clinic at which they work for medical negligence. Rather, it makes the remedy against the United States under the Federal Tort Claims Act ("FTCA") preclusive as to any suit against medical personnel of the National Aeronautics and Space Administration ("NASA") for negligent or wrongful acts or omissions committed while acting in the scope of their employment. *See* 51 U.S.C. § 20137(a), (e) (stating the "remedy against the United States [under the FTCA] … shall be exclusive of any other civil action or proceeding" involving negligent or wrongful acts or omissions of NASA healthcare personnel). *See also Levin v. United States*, 568 U.S. 503, 506-09 & n. 2 (2013) (explaining history and application of 51 U.S.C. § 20137 and other, similar agency-specific statutes enacted prior to the Federal Employees Liability Reform and Tort Compensation Act, 102 Stat. 4563). That is, 51 U.S.C. § 20137 confers immunity on medical and related personnel of NASA, preventing injured litigants from bringing

5

causes of action for negligence or medical malpractice against them in their individual capacities.[4] *See Antonetti v. City of New York*, No. 13-CV-771 (NGG)(LB), 2014 WL 4161968 (E.D.N.Y. Aug. 19, 2014) (construing similar statute pertaining to medical personnel of the Department of Veterans Affairs). As such, 51 U.S.C. § 20137 does not create a federal cause of action and, thereby, confer federal question jurisdiction over Plaintiffs' complaint.

Even though federal law does not create Plaintiffs' cause of action, federal question jurisdiction nevertheless may exist if a plaintiff's "state-law claim necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). However, "[t]his rule applies only to a special and small category of cases that present a nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous … cases." *Great Lakes*, 843 F.3d at 331 (citation and internal quotation marks omitted). *Grable*, for example, concerned a state-law claim to quiet title in real property that had been seized and sold by the IRS, and the resolution of the quiet-title claim hinged on a contested matter of federal tax law. *Grable*, 545 U.S. at 310-11, 315.

In contrast with *Grable*, the allegations underpinning Plaintiffs' state-law tort claim do not implicate a federal issue, nor does the right to relief that Plaintiffs assert turn on a contested matter

---

[4] The Federal Tort Claims Act also has no applicability here, as it only confers federal jurisdiction over claims of negligent or wrongful acts committed by an employee of the Federal Government in the scope of his or her employment. *See* 28 U.S.C. § 1346 (providing district courts with "exclusive jurisdiction of civil actions on claims against the United States, for money damages … for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government…."). Plaintiffs are not suing the United States, and they do not allege negligent or wrongful acts committed by an employee of the Federal Government.

of federal law. As noted, Plaintiffs allegations imply that Defendants' acts or omissions with respect to Mr. Davis's eyecare contributed to the loss of vision in his left eye in May 2022. At best, these allegations present a state-law claim of medical malpractice due to Defendants' alleged failure to properly diagnose and treat Mr. Davis's condition. There is no federal component to Plaintiffs' claim.

In the absence of a federal cause of action or the limited grounds for exercising jurisdiction recognized in *Grable*, the Court has no authority under 28 U.S.C. § 1331 to adjudicate Plaintiffs' state-law cause of action for medical negligence. *See Smith v. Kendricks*, 5:23-cv-05220-TLB-CDC, 2024 WL 1403102, at 2 (W.D. Ark. Mar. 12, 2024) ("There is no general federal cause of action for medical malpractice."); *Langama v. Buchwald*, No. 14-4562 (DWF/FLN), 2014 WL 7409583, at 3 (D. Minn. Dec. 31, 2014) (noting claim for "relief based on a common-law medical-malpractice theory, which is a matter of state law,]" did "not support any conceivable claim based on federal law" and thus did not implicate federal question jurisdiction); *Antonetti*, 2014 WL 4161968, at 5 (state-law medical malpractice and products liability claims did not implicate any federal issue or depend on question of federal law and, thus did not give rise to federal question jurisdiction).

Defendants also argue that the Court lacks diversity jurisdiction over Plaintiffs' Complaint under the terms of 28 U.S.C. § 1332. (ECF No. 7, p. 2; ECF No. 8, p. 2; ECF No. 10, pp. 1-2; ECF No. 11, p. 5). The Court agrees. Plaintiffs' complaint neither invokes diversity jurisdiction nor alleges any facts that suggest diversity of citizenship exists among the parties. (ECF No. 2, pp. 1-3, 5-6) (invoking only federal-question jurisdiction and asserting no facts that demonstrate diversity of the parties). *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004) (*pro se* complaints are to be construed liberally, but they still must allege sufficient facts to support claims advanced).

7

Diversity jurisdiction exists only "where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different states." 28 U.S.C. § 1332(a). Citizenship is determined by the facts as they exist at the time a lawsuit is filed. *Id.* And complete diversity is required in order for the Court to exercise jurisdiction, meaning no defendant may hold citizenship in the same state where any plaintiff holds citizenship. *Wagstaff & Carmell, LLP v. Lewis*, 40 F.4th 830, 839 (8th Cir. 2022). According to the face of Plaintiffs' Complaint, they reside in Arkansas, and all Defendants reside or hold their principal place of business in Arkansas. (ECF No. 2, pp. 1-2). Therefore, 28 U.S.C. § 1332 provides no authority for the Court to exercise diversity jurisdiction over this case.

The Court is without subject matter jurisdiction to hear this case. As such, Defendants' motions to dismiss for lack of subject matter jurisdiction should be granted.

### B. Motion for Extension of Time

The foregoing ruling necessarily affects the resolution of Mrs. Davis's Motion for Extension of Time. As previously noted, Mrs. Davis states that she "inadvertently filed this case in federal court," and she seeks time to refile it "in the appropriate civil court." (ECF No. 13, p. 1). The Court observes that Plaintiffs' Complaint in this matter was filed on May 24, 2024, exactly two years from the date that Mr. Davis returned to the Eye Center and learned he had permanently lost vision in his left eye. With limited exceptions, Arkansas law requires that "all actions for medical injury shall be commenced within two (2) years after the cause of action accrues." Ark. Code Ann. § 16-114-203(a) (Repl. 2016). While the Defendants consider the Motion for Extension of Time as one to allow an out-of-time response to their Motions to Dismiss (ECF No. 14), it appears to the Court that the Motion for Extension of Time is really a request to extend the statute of limitations for bringing the action in state court.

Arkansas law provides that "if any action is commenced within the time … prescribed ... and the plaintiff therein suffers a nonsuit, ... the plaintiff may commence a new action within (1) one year ...." Ark. Code Ann. § 16–56–126(a)(1) (Repl. 2005). The statute applies where the original action was timely filed, and the plaintiff suffered a nonsuit in that action. *Follette v. Wal-Mart Stores, Inc.*, 47 F.3d 311, 313 (8th Cir. 1995) (citing *Young v. Garrett*, 212 Ark. 693, 698, 208 S.W.2d 189, 192, *cert. denied*, 335 U.S. 814 (1948) and *Hill v. Pipkins*, 72 Ark. 549, 81 S.W. 1216 (1904)). A nonsuit, under this statute, includes a dismissal due to the absence of a federal question or of diversity of citizenship. *Id.* (citing *Carton v. Missouri Pacific Railroad Co.*, 295 Ark. 126, 747 S.W.2d 93 (1988) and *Lubin v. Crittenden Memorial Hosp.*, 288 Ark. 370, 705 S.W.2d 872 (1986)). In these circumstances, the statute may apply, and the plaintiff may be given one year from the date of dismissal in which to reinstitute his or her suit. *Follette*, 47 F.3d at 313.

Thus, Plaintiffs may be able to avail themselves of this statutory provision. Whether Plaintiffs will be able to do so, however, is a matter for Arkansas state courts to decide, not this Court. This Court is without subject matter jurisdiction to take any action in this case. For that reason, Mrs. Davis's Motion for Extension of Time should be denied as moot.[5]

---

[5] The Court further notes that although federal law protects one's right to "plead and conduct [her] own case personally[,]" 28 U.S.C. § 1654, "a non-attorney … may not engage in the practice of law on behalf of others." *Jones ex rel. Jones v. Correctional Medical Services, Inc.*, 401 F.3d 950, 951-52 (8th Cir. 2005). Thus, unless Mrs. Davis is an attorney, she may not litigate claims on behalf of Mr. Davis. Similar rules apply in Arkansas state courts. *See Davidson Properties, LLC v. Summers*, 368, 283, 285, 244 S.W.3d 674, 675 (2006) (stating that although a party "appearing *pro se*, is certainly entitled to represent himself, his attempted appearance on behalf of other family members … constitutes the unauthorized practice of law"); *see also id.* (stating "where a party not licensed to practice law in this state attempts to represent the interest of others by submitting himself or herself to the jurisdiction of a court, those actions, such as the filing of pleadings, are rendered a nullity").

## IV. CONCLUSION

For the reasons and upon the authorities discussed above, the undersigned recommends that Defendants' Motions to Dismiss (ECF Nos. 7, 8, 10, 11) be **GRANTED**. The dismissal for lack of subject matter jurisdiction is without prejudice. *See* Fed. R. Civ. P. 41(b). The undersigned further recommends that Plaintiffs' Motion for Extension of Time be **DENIED** as moot.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of August 2024.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE